ODOM,- Justice.
 

 The defendant was prosecuted in the city court of Shreveport under affidavit which set out that he “unlawfully did with intent to kill, make an assault upon Mrs. Estcll Broxton in the place of the State then being.”
 

 This charge was brought under section 793 of the Revised Statutes, which reads as follows:
 

 “Whoever shall, with a dangerous weapon or with intent to kill, make an assault upon another person, in the peace of the State then being, shall, on due conviction thereof, suffer .fine or imprisonment, or both, at the discretion of the court.”
 

 The defendant through his counsel excepted to the charge on the ground that “This Court is without jurisdiction, . ra-tione materiae, and that any judgment rendered by this Court would be an absolute nullity.”
 

 The exception to the jurisdiction was overruled by the court. Defendant was tried, convicted, and sentenced to serve 18 months in the parish prison.
 

 Counsel for defendant then filed an exception to the sentence on the ground that it exceeded the jurisdiction and authority of the city court. This exception was also overruled, and defendant appealed.
 

 Counsel for defendant made no appearance in this court to argue the case orally and has filed no brief. We have, however, looked into the questions of law raised by the exceptions filed, and find no merit in them. .
 

 The city court of Shreveport was created by Act No. 103 of 1898, as amended. By section 1 of that act, the office of justice of the peace for the Fourth ward of Caddo parish, “containing the City of Shreveport,” was abolished and a city court was created to take its place. Section 3 of the act (as amended by Act No. 29 of 1900) provides that said court shall have such civil jurisdiction as was then vested in justices of the peace, and “criminal jurisdiction of offenses committed in said ward and not punishable by imprisonment at hard labor under the laws of this state, and of violations of the ordinances of the City of Shreveport, and of the ordinances of the Police Jury of the Parish of Caddo within the limits of said Ward.”
 

 The offense with which defendant was charged in the city court is a misde
 
 *459
 
 meanor. Article 341 of the Code of Criminal Procedure reads as follows:
 

 “A misdemeanor is defined to be an offense, the punishment of which is necessarily a fine or imprisonment in the parish jail or both.”
 

 Section 982 of the Revised Statutes provides that:
 

 “Whenever the punishment of fine and imprisonment are left by law at the discretion of any court, the fine shall not exceed one thousand dollars, nor the imprisonment two years.”
 

 The city court of Shreveport having- jurisdiction to try all misdemeanors, the offense charged being a misdemeanor under the law, and the sentence imposed being less than 2 years’ imprisonment without hard labor, it follows that there is no merit in the contention made by counsel for defendant in the city court.
 

 The judgment is affirmed.
 

 HIGGINS, J., takes no part.